**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny C Murray, | No. CV-25-01794-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| St. Joseph Hospital, | |
| Defendant. | |

Plaintiff Johnny C. Murray filed a complaint and an application to proceed in forma pauperis. His application is granted but having done so the court can assess whether Murray's complaint states any claims on which he might be able to obtain relief. 28 U.S.C. § 1915(e)(1). It does not.

Murray alleges a claim under 42 U.S.C. § 1983 against defendant St. Joseph Hospital for violating his rights under the Eighth Amendment. According to the complaint, Murray "was in the hospital for being hit by a car from being thrown out of [an] Amtrak train" when he was "assaulted violently by staff." (Doc. 1 at 4-5.) Murray alleges he was "kidnapped and held hostage" while doctors were "yelling kill that m.f." (Doc. 1 at 5.)

A § 1983 claim "requires the wrongdoer to be a state actor." *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1171 (9th Cir. 2021). Murray has provided no allegations indicating St. Joseph might qualify as a state actor. *See id.* at 1167 (listing tests for private party to qualify as state actor). So St. Joseph cannot be sued under § 1983. And even if it could, "Eighth Amendment protections apply only once a prisoner has been

convicted of a crime." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.4 (9th Cir. 2016). Murray does not allege he has been convicted of a crime.

Murray has not stated a plausible § 1983 claim for relief. Because Murry could not allege additional facts that would render St. Joseph Hospital a state actor and Murray's Eighth Amendment theory would fail even if he could, it would be futile to grant leave to amend. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile.").

**IT IS ORDERED** the Application (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter a judgment of **DISMISSAL WITH PREJUDICE** and close this case.

Dated this 29th day of May, 2025.

*[signature]*
Honorable Krissa M. Lanham
United States District Judge